# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 18-11206

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2019

Lyle W. Cayce
Clerk

MARGARET BUDDE, Lead Plaintiff pursuant to 7/29/2015 Order,

Plaintiff - Appellant

v.

GLOBAL POWER EQUIPMENT GROUP, INCORPORATED; RAYMOND K. GUBA; LUIS MANUEL RAMIREZ,

Defendants - Appellees

-------------------------------------------------------------------------------------------------------

MARGARET BUDDE, Individually and On Behalf of All Others Similarly Situated

Plaintiff - Appellant

v.

GLOBAL POWER EQUIPMENT INCORPORATED; RAYMOND K. GUBA; LUIS MANUEL RAMIREZ;

Defendants - Appellees

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1679-M

_____

No. 18-11206

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Plaintiffs, Margaret Budde and Daniel Ream, on behalf of all persons who acquired Global Power Equipment Group, Inc. ("Global Power") stock between September 7, 2011 and May 6, 2015, filed a securities fraud suit against Global Power and some of its former officers alleging that the executives knew of accounting errors in the company's financial results. The district court granted Defendants' Motion to Dismiss after conducting a holistic review of the allegations. It found that the only errors the Global Power's executives (Raymond K. Guba, Luis Manuel Ramirez, and David L. Willis) knew of, or recklessly disregarded, were immaterial errors in a single small division of the company. Plaintiffs, the district court concluded, had not plead a strong inference of scienter.

This court "review[s] a district court's dismissal of federal securities claims under Rule 12(b)(6) de novo." *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015) (citation omitted). The court must "accept 'all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs.'" *Id.* (alteration in original) (quoting *Moffett v. Bryant*, 751 F.3d 323, 325 (5th Cir. 2014)). Because the claims concern § 10(b) of the Securities and Exchange Act of 1934, the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act also control. *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). Thus, to plead scienter, plaintiffs must have stated "with particularity facts giving rise to a strong inference that the [defendants] knew that [they were] publishing materially

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

false information, or the [defendants were] severely reckless in publishing such information." *See Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 534 (5th Cir. 2008) (internal quotations omitted).

Extensive and detailed briefs were filed by all parties, and the panel held oral argument on Monday, August 5, 2019. Considering the briefs and oral arguments of the parties, the applicable legal standards and the record before us, including the accurate and detailed recitation by the district court of the events in this matter, we do not find that the district court erred in granting Defendants' Motion to Dismiss. The panel agrees with the district court's analysis and conclusions. Accordingly, the district court's decision is AFFIRMED.